963 F.2d 375
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Robert L. SAWDY, a/k/a "Tojo", Defendant/Appellant.
 No. 89-1564.
 United States Court of Appeals, Seventh Circuit.
 Argued April 21, 1992.
Decided May 21, 1992.
 
 Before CUMMINGS and POSNER, Circuit Judge, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Sawdy was convicted of conspiring to distribute illegal drugs in 1988. He was convicted of two conspiracies: distribution of cocaine and distribution of methamphetamine, two counts of aiding and abetting in the distribution of the substances, and possession of a firearm during the commission of a felony. He was sentenced to concurrent terms of 41 months on each of the first four convictions and a consecutive five year term for the firearm possession conviction. Sawdy raises three issues on appeal, only one of which requires more than brief discussion.
 
 
 2
 Two of the three issues Sawdy raises in this appeal were squarely addressed in the appeal of one of Sawdy's co-defendants, Vernon Powell. United States v. Powell, 894 F.2d 895 (7th Cir.1990). Sawdy charges that his convictions were multiplicitous because the indictment unconstitutionally divided one conspiracy into two separate offenses, in violation of the fifth amendment's double jeopardy prohibition, and he argues that he was subjected to unconstitutional cumulative punishment as a result of his conviction on the firearm count. Powell, 894 F.2d at 897-99, is dispositive of both these issues. It requires dismisal of conspiracy Count II.
 
 
 3
 Sawdy's final argument is that his conviction should be overturned because there was insufficient evidence to support a finding of guilt. Sawdy's role in this conspiracy was that of an enforcer or standby muscleman in the event that physical force became necessary to accomplish his co-defendants' drug sale. Sawdy argues, however, that the evidence showed nothing more than that he drove his friend Vernon Powell to a gas station and then followed Powell and Robert Heet to a parking lot only to make it more convenient for Powell, Sawdy and their friend Heet to proceed to dinner.
 
 
 4
 The evidence, taken in light most favorable to the government, must show that the appellant was aware of the nature and scope of the conspiracy and intended to participate in it. United States v. Kane, 944 F.2d 1406, 1410 (7th Cir.1991). Only if no rational trier of fact could have concluded beyond a reasonable doubt that the appellant was aware of and connected to the conspiracy, even if by only slight links, will this court overturn a verdict for lack of evidence sufficient to support a conviction. United States v. Troop, 890 F.2d 1393, 1397 (7th Cir.1989).
 
 
 5
 On the day of their arrest, Sawdy had driven Powell to a local gas station where they met Heet. After a brief conversation, Sawdy proceeded alone to a parking lot where Heet and Powell had previously arranged to conduct their drug exchange. Sawdy parked his car facing the spot where his co-conspirators had planned to make their exchange, sat in his car for approximately 10 minutes before Powell and Heet arrived to meet their customer, and remained there as Heet and Powell made their drug sale. Powell, Heet, and the buyer effected a cocaine and methamphetamine exchange while pretending that the buyer was having car trouble. Heet and Powell then brought out a red tool box, which contained the drugs. During the course of this transaction, Heet referred to Sawdy as "one of ours, a bad guy."[1] At the time that Heet negotiated the drug exchange, he warned that he planned to have "surveillance people" with him during the exchange and cautioned that they would be armed.
 
 
 6
 After the drug transaction, law enforcement agents moved in and arrested Heet, Powell and Sawdy. Two loaded guns were found in Sawdy's truck. One gun, a .38 revolver, was in the truck's glove compartment while the other, a sawed-off shotgun, was found behind the driver's seat in the truck. The shotgun was ready to fire, with its safety off and its grip facing Sawdy's seat in the truck. While much of the evidence went to establishing the existence of a conspiracy between Heet and Powell, Sawdy's actions suggest that he knew he was involved in a drug transaction. His behavior is similar to that of the appellant in United States v. Brown, 940 F.2d 1090, 1093-94 (7th Cir.1991). Brown, like Sawdy, arrived at a parking lot and waited in his car until others arrived. Brown also reacted without surprise at the time of his arrest. Brown's car, it is true, contained the cocaine that was the object of a planned sale; Sawdy's car contained only the two loaded guns. However, given this court's deferential review of the factfinder's determinations regarding the sufficiency of the evidence to convict, and the evidence indicating that Sawdy had knowledge of a planned drug exchange at the parking lot and had a planned role in that exchange, we conclude that there was sufficient evidence to convict Sawdy of participation in this drug distribution scheme.
 
 
 7
 The judgment in this case is therefore AFFIRMED IN PART and REVERSED AND REMANDED IN PART with instructions to dismiss one of the two conspiracy counts and to resentence Sawdy.
 
 
 
 [1]
 Powell, 895 F.2d at 897, says that this statement was a reference to Powell, not Sawdy. That was a (harmless) mistake. As the other evidence introduced at the trial demonstrates, Sawdy, not Powell, occupied the red truck during the drug transaction